UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **NICK SHULTZ, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO.  23-678** |
| **NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, ET AL.** | **SECTION: G(1)** |

## ORDER AND REASONS

Plaintiffs Nick Shultz and Jefferson Aircraft, LLC ("Plaintiffs") filed this instant insurance dispute action against Defendants National Union Fire Insurance Company of Pittsburgh, PA ("National Union") and Clay & Land Insurance, Inc. ("Clay & Land") (collectively "Defendants").[1] Plaintiffs bring claims for breaching the terms of an insurance contract, statutory bad faith penalties, negligence, and misrepresentation relating to damages of an aircraft owned by Plaintiffs.[2] The aircraft was damaged on or around August 29, 2021 during Hurricane Ida, and on December 3, 2021 the aircraft was involved in a crash while in route to make scheduled repairs, destroying the aircraft.[3]

Before the Court is National Union's Motion for Partial Summary Judgment Dismissing Claim for Further Payment for Property Damage under the National Union Aircraft Insurance Policy.[4] National Union avers that partial summary judgment is appropriate since it paid Plaintiffs

---

[1] Rec. Doc. 1-1 at 4.

[2] *Id.* at 4–16.

[3] *Id.* at 7–8.

[4] Rec. Doc. 14.

$65,000.00, the full Agreed Value of the aircraft, after the aircraft was destroyed.[5] National Union argues that payment for both Hurricane Ida damages and the December 3, 2021 accident would constitute impermissible double recovery.[6] Plaintiffs concede that double recovery is not allowed.[7] Considering National Union's motion, Plaintiffs' opposition,[8] National Union's reply memoranda,[9] the record, and the applicable law, the Court grants the motion.

## I. Background

Plaintiffs owned a 1968 Cessna 182 ("the Aircraft") and engaged the services of Clay & Land to procure a policy of insurance for the Aircraft.[10] On May 24, 2021, Clay & Land renewed an existing policy on the Aircraft with policy number LA 0021368-18 ("the Insurance Policy") with National Union, the insurance carrier.[11] Clay & Land was the full agent on the policy and was responsible for the underwriting and binding of the insurance policy with National Union.[12] The insurance policy stated an agreed value on the Aircraft in the amount of $65,000.00.[13] On or around August 29, 2021, Hurricane Ida caused significant damages to the Aircraft.[14] Plaintiffs reported

---

[5] Rec. Doc. 14 at 1.

[6] *Id.* at 1–2.

[7] Rec. Doc. 20 at 2.

[8] Rec. Doc. 20.

[9] Rec. Doc. 24.

[10] Rec. Doc. 1-1 at 5.

[11] *Id.*

[12] *Id.* at 8.

[13] *Id.* at 5.

[14] *Id.* at 7.

the damages to Defendants, and requested that a claim be opened.[15] Defendants opened a claim and sent Plaintiffs a quote in the amount of $41,466.38 for a repair of the Aircraft, with repairs to be made by Paradise Valley Aviation in Clarksville, Arkansas.[16] Defendants coordinated for a pilot to transport the Aircraft from Saint Charles, Louisiana to Clarksville, Arkansas for the needed repairs.[17]

On December 3, 2021, the pilot picked up the Aircraft from Saint Charles, Louisiana.[18] While traveling from Louisiana to Arkansas, the pilot crashed the Aircraft near Bonnerdale, Arkansas, killing the pilot and destroying the Aircraft.[19]

On May 25, 2022, National Union issued a payment of $65,000.00 to Plaintiffs, the agreed value of the Aircraft.[20] On September 12, 2022, Plaintiffs separately paid for a VREF valuation of the Aircraft.[21] The appraised value of the Aircraft was $162,179.00,[22] and Plaintiffs provided National Union with this appraisal.[23] Plaintiffs argue that National Union failed to adequately and timely pay for the damages to the Aircraft by attempting to pay both claims via one check in the amount of $65,000.00 over sixty days from both the Hurricane Ida occurrence and crash.[24]

---

[15] *Id.*

[16] *Id.*

[17] *Id.*

[18] *Id.*

[19] *Id.* at 8.

[20] *Id.*

[21] *Id.* at 9.

[22] *Id.*

[23] Rec. Doc. 20-2 at 2.

[24] Rec. Doc. 1-1 at 11.

Plaintiffs also allege that Clay & Land had a duty to provide proper insurance to Plaintiffs and failed in that duty.[25]

On December 5, 2022, Plaintiffs filed a Petition for Damages in the Twenty-Fourth Judicial District Court for the Parish of Jefferson.[26] Plaintiffs bring claims against National Union for breach of the insurance policy and bad faith insurance adjusting.[27] Plaintiffs also bring claims against both Defendants for detrimental reliance, negligence, and misrepresentation.[28] Defendants removed the case to this Court on February 24, 2023 under 28 U.S.C. § 1441 and 28 U.S.C. § 1332.[29]

On August 18, 2023, National Union filed the instant Motion for Partial Summary Judgment Dismissing the Claim for Further Payment for Property Damage Under the National Union Aircraft Insurance Policy.[30] Plaintiffs filed an opposition to this motion on September 12, 2023.[31] On September 22, 2023, National Union filed a reply brief in further support of the motion.[32]

## II. Parties' Arguments

**A.**   ***National Union's Arguments in Support of the Motion***

National Union seeks partial summary judgment dismissing Plaintiffs' claims for further

---

[25] *Id.*

[26] Rec. Doc. 1-1.

[27] *Id.* at 9–12.

[28] *Id.*

[29] Rec. Doc. 1 at 3.

[30] Rec. Doc. 14.

[31] Rec. Doc. 20.

[32] Rec. Doc. 24.

recovery under the insurance policy.[33] National Union submits that summary judgment is appropriate since it has paid Plaintiffs $65,000.00, the full agreed value of the insured Aircraft, as a result of the accident that occurred on December 3, 2021.[34] National Union argues that Plaintiffs are not entitled to additional recovery for damage to the Aircraft resulting from Hurricane Ida for which repairs were never made and could not be made due to the destruction of the Aircraft on December 3, 2021.[35] National Union contends that payment for the Agreed Value of the Aircraft is all that is required under the policy, and any further recovery over and above that amount would constitute impermissible double recovery under Louisiana law.[36]

### B.     *Plaintiffs' Arguments in Opposition to the Motion*

In opposition, Plaintiffs argue that National Union, as a depositary of the Aircraft, is "responsible to the depositor for its value."[37] Plaintiffs contend that National Union owed a duty outside of the insurance policy to safeguard the property.[38] Plaintiffs aver that the crash on December 3, 2021, was a separate occurrence caused by National Union's negligence, and thus was not an occurrence under the insurance contract.[39] As such, Plaintiffs submit that, under Louisiana law, they are not limited to the insurance policy and damages should be set by the appraised value of the Aircraft at $162,179.00.[40]

---

[33] Rec. Doc. 14.

[34] Rec. Doc. 14-1 at 1.

[35] *Id.*

[36] *Id.* at 2.

[37] Rec. Doc. 20 at 4.

[38] *Id.* at 5.

[39] *Id.* at 6.

[40] *Id.*

Plaintiffs further argue that National Union was notified of the total loss of the plane on December 4, 2021 and did not issue a check to Plaintiffs until May 25, 2022.[41] Plaintiffs argue that, under Louisiana law, this constitutes a breach of the insurer's duties by failing to pay the amount of the claim within sixty days after receipt of satisfactory proof of loss, and that such failure was arbitrary, capricious, or without probable cause.[42]

C.  *National Union's Arguments in Further Support of the Motion*

National Union reargues that double recovery is impermissible.[43] National Union submits that Plaintiffs did not dispute the agreed value of the Aircraft when they negotiated and purchased the policy.[44] National Union contends that the instant matter differs from *Plummer v. Motors Inc. Corp.*,[45] cited by Plaintiffs in opposition, in that the parties here agreed on the value of the Aircraft.[46] National Union asserts that the VREF valuation of the Aircraft is irrelevant and does not alter or amend the terms of the Insurance Policy.[47] National Union avers that Plaintiffs' allegations of bad faith and entitlement to penalties and attorneys' fees are not the subject of the instant motion for partial summary judgment.[48]

---

[41] *Id.* at 10.

[42] *Id.* at 6–7. (citing La. R.S. § 22:1973).

[43] Rec. Doc. 24 at 2.

[44] *Id.* at 3.

[45] *Plummer v. Motors Ins. Corp.*, 233 La. 340, 96 So. 2d 605 (1957).

[46] *Id.* at 5.

[47] *Id.*

[48] *Id.* at 6.

### III. Legal Standard

Summary judgment is appropriate when the pleadings, discovery, and affidavits demonstrate "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[49] To decide whether a genuine dispute as to any material fact exists, the court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence."[50] All reasonable inferences are drawn in favor of the nonmoving party.[51] Yet "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[52] If the entire record "could not lead a rational trier of fact to find for the non-moving party," then no genuine issue of fact exists and, consequently, the moving party is entitled to judgment as a matter of law.[53] The nonmoving party may not rest upon the pleadings.[54] Instead, the nonmoving party must identify specific facts in the record and articulate the precise manner in which that evidence establishes a genuine issue for trial.[55]

The party seeking summary judgment always bears the initial responsibility of showing the basis for its motion and identifying record evidence that demonstrates the absence of a genuine

---

[49] Fed. R. Civ. P. 56(a); *see also Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

[50] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008) (citing *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 150 (2000)).

[51] *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Reeves*, 530 U.S. at 150).

[52] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little*, 37 F.3d at 1075.

[53] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *First Nat'l Bank of Ariz. v. Cites Serv. Co.,* 391 U.S. 253, 289 (1968)).

[54] *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

[55] *See id.*; *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

issue of material fact.[56] "To satisfy this burden, the movant may either (1) submit evidentiary documents that negate the existence of some material element of the opponent's claim or defense, or (2) if the crucial issue is one on which the opponent will bear the ultimate burden of proof at trial, demonstrate that the evidence in the record insufficiently supports an essential element of the opponent's claim or defense."[57] If the moving party satisfies its initial burden, the burden shifts to the nonmoving party to "identify specific evidence in the record, and to articulate" precisely how that evidence supports the nonmoving party's claims.[58] The nonmoving party must set forth "specific facts showing the existence of a 'genuine' issue concerning every essential component of its case."[59]

## IV. Analysis

National Union seeks partial summary judgment of Plaintiffs' claims relating to further recovery under the insurance policy because they allege that $65,000.00, the agreed value of the aircraft, was tendered to Plaintiffs, and further payment for the Hurricane Ida damages would constitute impermissible double recovery.[60] Plaintiffs argue that the value of the aircraft was $162,179.00 pursuant to the VREF appraisal.[61] Plaintiffs further contend that National Union breached its duty as depositary, was negligent in the transporting of the aircraft, and acted in bad

---

[56] *Celotex Corp.*, 477 U.S. at 323.

[57] *Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 190 (5th Cir. 1991) (internal citation omitted).

[58] *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994); *see also Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).

[59] *Morris*, 144 F.3d at 380; *see also Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012).

[60] Rec. Doc. 14 at 1.

[61] Rec. Doc. 20 at 2.

faith, and thus, is responsible to Plaintiffs for additional damages outside of the insurance policy.[62] However, the instant motion only seeks partial summary judgment relating to Plaintiffs' breach of contract claim for further recovery under the insurance policy.[63] National Union's alleged negligence, bad faith, or breached duties as depositary under Louisiana law are not at issue in the instant motion.

Under *Erie Railroad Co. v. Tompkins*,[64] a federal court sitting in diversity jurisdiction applies the substantive law of the forum state.[65] Under Louisiana law, an insurance policy "constitutes the law between the insured and insurer, and the agreement governs the nature of their relationship."[66] The words of the policy are given their generally prevailing meaning and "interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole."[67] In Louisiana, "an insured may not recover in excess of his actual loss," although he "may recover under each policy providing coverage until the total loss sustained is indemnified."[68] An insured party in Louisiana may generally "'recover under all available coverages provided that there is no double recovery.'"[69]

---

[62] *Id.* at 4–6.

[63] Rec. Doc. 14-1 at 1.

[64] 304 U.S. 64 (1938).

[65] *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991).

[66] *Peterson v. Schimek,* 98–1712, p. 4 (La.3/2/99); 729 So. 2d 1024, 1028.

[67] *Coleman v. Sch. Bd. of Richland Par.*, 418 F.3d 511, 516–17 (5th Cir. 2005) (citing La. Civ. Code arts. 2047, 2050).

[68] *Wegener v. Lafayette Ins. Co.*, 2010-0810 (La. 3/15/11); 60 So. 3d 1220, 1235 (quoting *Cole v. Celotex*, 599 So. 2d 1058, 1080 (La. 1992)).

[69] *Bradley v. Allstate Ins. Co.*, 620 F.3d 509, 521 (5th Cir. 2010) (quoting *Cole*, 599 So. 2d at 1080).

In support of its motion, National Union points to the Insurance Policy which states in pertinent part:

> Coverage C: COVERAGE C – The most we will pay for physical damage to your aircraft is the lesser of: 1. Its Agreed Value if it is a total loss; or, 2. The costs to repair or replace damage with materials of like kind and quality; including the lowest cost of shipping parts of the aircraft for repair and return the aircraft to the occurrence site or home base, whichever is closer, but minus any previous unrepaired damage or betterment. *We will not pay more to repair your aircraft than we are required to pay under a total loss (Agreed Value less salvage value).*[70]

The parties agree that following the December 3, 2021 accident, the Aircraft was "destroyed" or, in other words, a total loss.[71] The agreed value of the Aircraft was $65,000.00 per the Insurance Policy,[72] which National Union paid in full to Plaintiffs on May 25, 2022.[73] As such, National Union argues that, under the clear terms of the policy, it is not required to make any additional payment to Plaintiffs for damages to the Aircraft caused by Hurricane Ida, as this would result in impermissible double recovery.[74] In opposition, Plaintiffs concede that they are not allowed double recovery for the loss of the property, but that the amount of loss in this matter, in accordance with Louisiana jurisprudence on recovery for property damaged while deposited with a depositary due to negligence, is the full appraised value of the aircraft at the time of the negligent crash.[75] As stated above, alleged negligence based on a duty as depositary under Louisiana law

---

[70] Rec. Doc. 14-3 at 33 (emphasis added).

[71] Rec. Doc. 14-1 at 1; Rec. Doc. 1-1 at 8.

[72] Rec. Doc. 14-3 at 1.

[73] Rec. Doc. 1-1 at 8.

[74] Rec. Doc. 14-1 at 9.

[75] Rec. Doc. 20 at 2.

will not be addressed since the instant motion does not seek judgment on Plaintiffs' tort claims.[76] The material issue is if there is a genuine dispute as to whether Plaintiffs are entitled to payment, under the Insurance Policy, for damage from Hurricane Ida and the December 3, 2021 accident.

The theory of double recovery has been applied in *Touchet v United Prop. & Cas. Ins. Co.*[77] In *Touchet*, like the instant matter, the insured property was damaged by one occurrence and then damaged by a second occurrence before repairs from the first occurrence could be made.[78] Plaintiffs in *Touchet* argued that "the policy limit for each hurricane is potentially recoverable since the policy limits apply separately to each hurricane."[79] The court disagreed, reasoning that:

> The policy covers only one dwelling and the limits under Coverage A represent the replacement cost for that dwelling, as agreed to by plaintiffs when they purchased the policy. The court allows that recovery under separate policy limits would be justified in the event that plaintiffs had begun repairs following one occurrence and then suffered additional damage in the second. Here, however, plaintiffs have admitted that they made no repairs to the dwelling. Accordingly, holding [Defendant] liable for two policy limits covering the same dwelling would amount to exemplary damages.[80]

Here, repairs for damages following Hurricane Ida had not yet been made when the December 3, 2021 accident occurred, destroying the Aircraft. Thus, payment to Plaintiffs for both the Hurricane Ida damages and the December 3, 2021 accident would constitute impermissible double recovery. Plaintiffs have conceded that they are not allowed double recovery.[81] As such,

---

[76] *See* Rec. Doc. 14-1 at 4.

[77] *Touchet v. United Prop. & Cas. Inc. Co.*, No. 2:21-CV-00094, 2022 WL 710621 (W.D. La. Mar. 9, 2022).

[78] *See generally id.*

[79] *Id.* at 2.

[80] *Id.*

[81] Rec. Doc. 20 at 2.

there is no genuine issue of material fact in dispute and National Union is entitled to judgment dismissing Plaintiffs' breach of contract claim seeking further payment under the terms of the Insurance Policy.

## V. Conclusion

For the reasons discussed herein, the Court concludes that the undisputed evidence in the record establishes that Plaintiffs' breach of contract claim seeking further payment under the Insurance Policy would lead to impermissible double recovery. Thus, partial summary judgment is appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that National Union's Motion for Partial Summary Judgment Dismissing Claim for Further Payment for Property Damage under the National Union Aircraft Insurance Policy[82] is **GRANTED**. Any breach of contract claims related to further payment under the terms Insurance Policy are **DISMISSED WITH PREJUDICE**.

**NEW ORLEANS, LOUISIANA**, this  7th   day of November, 2023.

_____
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[82] Rec. Doc. 14.